**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BARBARA JEAN SMITH, et al.**                                 **PLAINTIFFS**

**vs.**                             **CIVIL ACTION NO. 4:05cv166-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**JAMES AND PATRICIA SHELLY**                        **PLAINTIFFS**

**vs.**                             **CIVIL ACTION NO. 4:05cv167-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**ROZELL AND LINDA HODGES, et al.**                     **PLAINTIFFS**

**vs.**                             **CIVIL ACTION NO. 4:05cv168-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**KITTY HEMPHILL, et al.**                              **PLAINTIFFS**

**vs.**                             **CIVIL ACTION NO. 4:05cv169-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**JOHNNY AND MARY PRICE, et al.**                     **PLAINTIFFS**

**vs.**                             **CIVIL ACTION NO. 4:05cv170-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**          **DEFENDANTS**

-and-

**DIANE JOHNSON, et al.**                                                            **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv172-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                          **DEFENDANTS**

-and-

**WILLIE SANDIFER, et al.**                                                          **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv173-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                          **DEFENDANTS**

-and-

**MELVIN JEROME MURRY, et al.**                                                **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv174-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                          **DEFENDANTS**

-and-

**JOHN L. HARVEY, JR., et al.**                                                   **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv175-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                          **DEFENDANTS**

-and-

**JEROME C. HARRIS, et al.**                                                       **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv176-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                          **DEFENDANTS**

-and-

**ANTHONY EDWARDS, et al.**                                                     **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO. 4:05cv177-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**ROSA BARBOSA, et al.**                                         **PLAINTIFFS**

**vs.**                              **CIVIL ACTION NO. 4:05cv178-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**TAMARA ANDERSON, et al.**                                      **PLAINTIFFS**

**vs.**                              **CIVIL ACTION NO. 4:05cv179-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**IVORY HARRIS, et al.**                                         **PLAINTIFFS**

**vs.**                              **CIVIL ACTION NO. 4:05cv180-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**BROOK SIVLEY**                                                 **PLAINTIFF**

**vs.**                              **CIVIL ACTION NO. 4:05cv191-M-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**ANTHONY WILLIAMS, et al.**                                     **PLAINTIFFS**

**vs.**                              **CIVIL ACTION NO. 4:05cv192-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

-and-

**ERNESTEANE AND ELEX POLK**                                     **PLAINTIFFS**

vs.                                                    CIVIL ACTION NO. 4:05cv193-D-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**               DEFENDANTS

-and-

**JOHN AND KAIFER HOLSTON, et al.**                         PLAINTIFFS

vs.                                                    CIVIL ACTION NO. 4:05cv194-P-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**               DEFENDANTS

-and-

**CATASHA AND CHARLES BROWN, et al.**                       PLAINTIFFS

vs.                                                    CIVIL ACTION NO. 4:05cv195-P-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**               DEFENDANTS

-and-

**DOROTHY HARRIS, et al.**                                  PLAINTIFFS

vs.                                                    CIVIL ACTION NO. 4:05cv196-P-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**               DEFENDANTS

## ORDER GRANTING MOTION TO COMPEL TESTIMONY

THIS case is before the Court on plaintiffs' motion to compel testimony of Daniel Floyd and rule that he has waived his right to assert the Fifth Amendment regarding specific acts and the acts of others. The Court, having considered the motion, exhibits and the record in this case, finds that the motion should be granted at this time.

Daniel Floyd has been noticed for deposition in this case on more than one occasion. He gave an extensive video-taped sworn statement to plaintiff's counsel on Saturday August 30, 2003, at which he was represented by an attorney, John Allen. Allen is no longer representing Floyd. The statement is approximately 72 pages long and provides specific details in these cases

and the allegations of a mortgage fraud conspiracy. On October 27, 2005, Floyd was indicted and charged in a multi-count federal court case in the Southern District of Mississippi, *USA v. Daniel Floyd*, 3:05cr160-W-N, alleging he failed to report to legal authorities counts of mail fraud and wire fraud. In April 2005 Floyd pled guilty to charges of misprision of a felony and signed a plea agreement admitting that he had failed to apprise legal authorities of the illegal conduct of others about which he had knowledge. Floyd is currently incarcerated and awaiting sentencing on these federal charges. He was served with the plaintiff's motion to compel and has not responded. The plaintiff seeks an order requiring Floyd to submit to a deposition in these civil cases and particularly requiring that he respond to questions related to his previous statement and to the acts of others as contained in that statement. Floyd's statement is far and away more detailed than the plea agreement in his federal criminal case.

The court acknowledges that while Floyd has appointed counsel with respect to his own criminal case, and he has not been named as a defendant in these cases, he is not represented by counsel in these civil cases. While Uniform Local Rule 7.2 states that a failure to respond to a motion may result in its being granted as confessed, the fact that Floyd is not represented by counsel requires the court to dispense with this rule and proceed cautiously. Having reviewed law relevant to this situation, it is clear that Floyd has, by signing his plea agreement and the terms contained therein, waived his Fifth Amendment rights against self-incrimination as they relate to the charges against him related thereto. *See Brown v. State*, 935 So.2d 1122 (Miss. 2006). However, the plea agreement is very limited. It does not expound on the details of the allegations or charges against Floyd, much less on the acts of those about whose acts he had

knowledge.

Nevertheless, the law in Mississippi is well settled – sworn testimony given by an individual in a civil case may be later used against him in a criminal action, so long as the statement was voluntarily given. *Reed v. State,* 523 So.2d 62, 66 (Miss. 1988) (A defendant's confessions, "when shown to be voluntarily made, are admissible against him even though he does not become a witness, and this does not violate his Fifth Amendment rights.") (citations omitted). In the *Reed* case, an individual gave a deposition in a civil case. *Id.* at 63. At the deposition, he was not represented by counsel and there were no criminal charges pending against him. *Id.* After the deposition, criminal charges were brought against him, and he did not testify at his trial on those charges. *Id.* at 65. When the state offered the deposition into evidence at the criminal trial, the defendant objected, claiming that admission of the deposition into evidence at his criminal trial violated his Fifth Amendment right against self incrimination and constituted a comment on his refusal to testify in his criminal trial. *Id.* At 66. The Mississippi Supreme Court held that the deposition was admissible under the Mississippi Rules of Evidence and Rules of Criminal Procedure and did not violate the defendant's Fifth Amendment rights as he had waived those rights in the giving of his deposition, despite the fact that no criminal charges were pending against the defendant at the time the testimony was given. *Id.* at 68.

The scenario in *Reed* is not unlike the circumstances presently before the court. Thus, based on the Mississippi Supreme Court's decision in *Reed v. State*, the court holds that Floyd has waived his rights against self incrimination as related to his plea agreement and the 72-page statement he gave in August 2003. Accordingly, Floyd shall be compelled to respond to

questions related to both.

SO ORDERED, this, the 27th day of July, 2007.

___/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE